### Sarah M. BRYAN et al.

v.

### PITTSBURGH PLATE GLASS COMPANY (PPG INDUSTRIES, INC.), et al.

### Civ. A. No. 70-920.

United States District Court,
W. D. Pennsylvania.

June 12, 1973.

Balzarini, Walsh, Conway & Maurizi, Neely & Voss, Martin Lubow, Pittsburgh, Pa., Josephine Trevathan, E.E. O.C., Washington, D. C., for plaintiffs.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Pittsburgh Plate Glass Co.

Rothman, Gordon & Foreman, Pittsburgh, Pa., Clayman, Jaffy & Taylor, Columbus, Ohio, N. R. Criss, Jr., Pittsburgh, Pa., for other defendants.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a class action which alleges sex discrimination in hiring and employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C.A. § 2000e et seq. Essentially plaintiffs claim that defendants failed to recall them to work for jobs at Pittsburgh Plate Glass Company's Creighton plant and wrongfully terminated the seniority rights of the female employees who are members of the class.

The original class was composed of 452 members. Notice of the action was sent to the members, and an opportunity to remain or withdraw from the class was provided, as well as an opportunity to obtain personal counsel. After these options were exercised, the class was determined to be comprised of 371 members.

After the filing of defendants' Answers and an extensive period of discovery, the Court commenced a non-jury trial of this proceeding on October 10, 1972, as to liability. After the completion of plaintiffs' case and the presentation of considerable evidence and testimony by defendant, counsel for the parties agreed upon a settlement. Under the terms of this settlement, a fund of $931,724 is to be divided among class members on the basis of the number of months in which each class member worked at the Creighton Plant. This formula has the effect of allocating a proportionately larger share of the settlement fund to those more senior class members who, if the lawsuit were partially or wholly successful, would have been entitled to a proportionately larger back pay award. The settlement also extends pension benefits to 76 class members.

The settlement also provides special awards in the aggregate amount of $17,500 to those members of the plaintiff class who were most active in the prosecution of this case and who devoted substantial time and expense on behalf of the class.

Finally, the settlement provides for the payment of counsel fees in the amount of $175,000 to Balzarini, Walsh, Conway & Maurizi, counsel for the plaintiff class, and $26,250 to Neely & Voss, referring counsel, and $1,350 for out-of-pocket legal expenses of plaintiff's counsel. Out of these sums, counsel for plaintiffs will reimburse class members for amounts advanced by them for expenses of the suit.

On January 8, 1973, this Court directed that a notice be sent to all members of the plaintiff class, describing the proposed settlement and informing class members of their right to appear at a hearing on January 29, 1973, to state objections to the proposed settlement. Such notice was sent, and a hearing was conducted on January 29, 1973, at which time all persons objecting to the settlement had an opportunity to be heard. This Court then ordered that the question of the propriety of the proposed settlement be briefed by the parties, including counsel for the objecting class members and the Equal Employment Opportunity Commission.

On the basis of the record considered as a whole, including the pleadings, interrogatories and answers thereto, pretrial stipulations of the parties, the evidence and testimony presented at the trial, the testimony at the settlement hearing and the briefs submitted by the parties, it is this Court's conclusion that this settlement is a fair and adequate compromise of plaintiffs' claim and takes proper account of the uncertainties and risks of continued litigation.

In this regard it is well to note that this case involves many complex issues which make liability questionable and subject to conjecture. Just a brief recitation and summary of some of these issues illustrates this complexity. For example, the termination of employment by defendants may well have been based on sound business objectives or bona fide occupational qualifications rather than discrimination; plaintiffs' claims even if valid might be subject to the statute of limitations for failure to timely file an appropriate claim with the Equal Employment Opportunities Commission; and the EEOC, whose expertise must be given great deference by the Court, has determined that the August 14, 1968, agreement between defendant union and defendant company terminating the seniority of the employees laid off more than five years was a bona fide seniority agreement entered without any intention to discriminate against plaintiff class.

Beyond the complexity of the issues presented, the Court must conclude that this settlement is fair, reasonable, and just because of the great deal of time which could be consumed if the action were taken to its final conclusion. Assuming all the legal issues related to lia-

bility were resolved favorably to the class, the rights of each member of the class would have to be evaluated separately. This by its very nature would require the services of a special master and could well consume four or five years.

In view of all these factors, the Court deems it appropriate to grant approval to the proposed settlement herein above set forth.

An appropriate Order is entered.

### ORDER

And now, this 12 day of June, 1973, it is hereby Ordered:

1. Defendant PPG Industries, Inc., shall deliver to the law firm of Balzarini, Walsh, Conway & Maurizi, counsel for the plaintiff class, no later than October 1, 1973, separate checks payable to the order of each member of the plaintiff class in the amount indicated in Appendix A to this Order.

2. Defendants will provide those members of plaintiff class listed in Appendix B hereto with a pension as provided in the pension agreement covering employees of the Creighton Plant of PPG Industries, Inc. Those class members with at least 9%2ths but less than 10 years of credited service under the pension agreement covering the Creighton Plant will be credited with sufficient additional service to equal ten years, the number of years required to entitle an employee to a pension. Each class member with 10 or more years of credited service under the pension agreement, including those who will become vested by reason of the foregoing provision, will upon making application on or after attaining age 65 receive a monthly pension equal to the years of credited service multiplied by the normal retirement rate in effect on the date application is filed. If any such class member makes application for a pension between age 60 and age 65, the pension benefit will be actuarially reduced in accordance with the terms of the pension agreement.

3. Defendant PPG Industries, Inc., shall deliver to the law firm of Balzarini, Walsh, Conway & Maurizi, counsel for plaintiff class, no later than October 1, 1973, separate checks in the amounts and payable to the order of those class members indicated in Appendix C hereto, which class members actively pursued this litigation and devoted substantial time and expense on behalf of the plaintiff class.

4. Within a reasonable time after receipt by counsel for the plaintiff class of the settlement awards of individual class members, said counsel shall forward the same to each class member, together with a copy of this Order.

5. Upon delivery of the settlement checks to Balzarini, Walsh, Conway & Maurizi, all defendants shall be released of and from any and all obligations, claims, demands, damages and causes of action which any class member may have arising out of or by reason of her employment with PPG Industries, Inc., or her relationship with defendant Unions and more particularly of and from the claims, disputes and demands which are alleged in and gave rise to this suit. Defendant PPG Industries, Inc., shall refer to this Order on the checks to be distributed to class members.

6. Defendant PPG Industries, Inc., shall pay $176,350 to Balzarini, Walsh, Conway & Maurizi for counsel fees and expenses and $26,250 to the law firm of Neely & Voss as counsel fees. Balzarini, Walsh, Conway & Maurizi shall reimburse class members for any amounts advanced for the expenses of this litigation.

7. The claims of all class members alleged in and arising out of the complaint in this case are hereby dismissed with prejudice.